IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JIMMY DAVIS**                                                                                    **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 5:20cv144-CWR-MTP**

**MAJ. ERICA PERKINS et al.**                                                       **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [30]. Having carefully considered the submissions and the applicable law, the undersigned recommends that Defendants' Motion for Summary Judgment [30] be granted and that this matter be dismissed without prejudice against all Defendants.

### BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate housed at Wilkinson County Correctional Facility ("WCCF"). On June 11, 2020, Plaintiff filed his Complaint [1] under 42 U.S.C. § 1983 alleging that Defendants Major Erica Perkins, Warden Scott Middlebrooks, and Management Training Corporation physically assaulted him on or around March 23, 2020. *See* [1] at 5. Plaintiff alleges that they broke his jaw and threatened him. *Id*.

On December 1, 2020, Defendants Erika Perkins, Scott Middlebrooks, and Management & Training Corporation, filed a Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [30] along with a supporting Memorandum [31]. Defendants maintain that Plaintiff's institutional records do not contain any evidence that Plaintiff utilized the grievance process as required under the Prison Litigation Reform Act ("PLRA"). *See* [30] at 2; *see also* [40] at 2. Because Plaintiff failed to file the appropriate grievances through the

1

administrative remedy program available to him, the Defendants assert that his claims should be dismissed, and that he should be issued a strike pursuant to 28 U.S.C. § 1915(g).[1]

In response, Plaintiff filed a document asserting that Defendants' motion failed to mention several grievances he filed through the remedies program. *See* [37]. Defendants reviewed Plaintiff's file and submitted a Rebuttal [40] along with an amended affidavit including documentation about the additional grievances. However, Defendants argue that Plaintiff did not exhaust the administrative remedies process through these grievances either and assert that his claims should be dismissed for that reason. *See* [40] at 3.

## SUMMARY JUDGMENT STANDARD

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does

---

[1] A prisoner proceeding *in forma pauperis* may be issued a strike for bringing a civil action that is dismissed for being "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

## ANALYSIS

The PLRA, 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Exceptions to the exhaustion requirement are only appropriate where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patiently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id*.

In support of their Motion [30], Defendants submitted an affidavit from Janice Williams, the Administrative Remedy Program Coordinator at WCCF. *See* [30-2]. According to Williams, the grievance process requires a "first step" in which the inmate writes a letter setting forth the basis of his claim and the relief he requests. *Id*. at 1-2. After the inmate receives a response, if he is unhappy with the result, he may proceed to the second step. *Id*. at 2. If the inmate is still not satisfied after completing the second step, he may then file a lawsuit. *Id*.

Williams states that "[n]one of the grievances submitted by Mr. Davis through the ARP process at WCCF describe or reference any claims against Major Erika Perkins, Scott Middlebrooks, or MTC for assault, excessive force, or use of harassment against him." *Id*. at 3.

4

As such, Defendants maintain that Plaintiff has failed to exhaust his available administrative remedies. *See* [30] at 2.

Plaintiff responded to Defendants' Motion [30] by submitting a "Memorandum of Authorities in Support of Plaintiff." *See* [37]. Along with his Memorandum, Plaintiff attached two second-step response forms which he claims were left out of the affidavit from Janice Williams. *See* [37-1] at 1 and 3. However, the additional documents attached by Plaintiff make no mention of the Defendants in this case or refer at all to the allegations made within his Complaint [1].[2]

In rebuttal, Defendants included an amended affidavit from Janice Williams along with the additional grievances Plaintiff submitted. *See* [40-1]. In her amended affidavit Williams again states that "[n]one of the grievances submitted by Mr. Davis through the ARP process at WCCF describe or reference any claims against Major Erika Perkins, Scott Middlebrooks, or MTC for assault, excessive force, or use of harassment against him." *See* [40-1] at 3.

The record demonstrates that Plaintiff failed to exhaust his administrative remedies prior to filing suit in this court as required by the PLRA. 42 U.S.C. § 1997e(a). Plaintiff did not submit a grievance through the administrative remedies process about the alleged events, let alone carry it through to its conclusion as the PLRA demands. *Wright*, 260 F.3d at 358.

Moreover, even if the court were to conclude that the additional grievances Plaintiff identified were related to the claims brought in this case (and it does not so conclude), those grievances do not satisfy the exhaustion requirement as they are dated November 23, 2020, over

---

[2] The Second Step Response Form WCCF-20-770 refers to a request from Plaintiff to transfer to CMCF. *See* [37-1] at 1. WCCF-20-782 refers to another transfer request. *Id*. at 3. The form references an investigation against a "Lt. Hickenbottom" who is not a Defendant in this case. *Id*.

5

five months after suit was filed. The grievance process must be completed *prior* to filing suit in federal court. The Fifth Circuit has stated as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The undersigned, therefore, recommends that Defendants' Motion for Summary Judgment [30] be granted for failure to properly exhaust his claims and that this matter be dismissed without prejudice.

In Defendants' Motion for Summary Judgment [30], Defendants request that the dismissal of this action count as a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g) alleging that Plaintiff's "suit is frivolous." *See* [30] at 2. Under 28 U.S.C. § 1915(g), a strike may be imposed if a suit is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

The Plaintiff's complaint appears to state a claim for excessive force. As there has been no discovery or screening hearing, the court cannot conclude on the limited record before it that the lawsuit is frivolous or malicious. Accordingly, the undersigned recommends that no strike be issued pursuant to 28 U.S.C. § 1915(g).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Defendants' Motion for Summary Judgment [30] be granted, and this matter be dismissed without prejudice against all Defendants. The undersigned does not recommend that a strike be issued pursuant to 28 U.S.C. § 1915(g).

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996).

THIS the 22nd day of January, 2021.

                                             s/ Michael T. Parker
                                            United States Magistrate Judge